## VICTOR DAHLKE v. CAROL MAE DAHLKE.[1]

November 19, 1943.

Nos. 33,476, 33,477.

*W. F. Odell,* for appellant.
*Everett L. Young,* for respondent.

[1]Reported in 11 N. W. (2d) 825.

112

MAGNEY, JUSTICE.

Plaintiff brought action for divorce upon the ground of cruel and inhuman treatment. Defendant denied the allegations of mistreatment. Divorce was granted. Defendant appeals from the judgment and the order denying her motion for a new trial.

The assignments of error present two questions: (1) Whether the findings of the trial court are sustained by the evidence, and (2) whether the award of alimony to defendant is inadequate.

The evidence shows the following facts: Plaintiff was a farmer and defendant a schoolteacher. They were married on June 15, 1941, and separated on March 1, 1942. At the time of the trial plaintiff was of the age of 33 years and defendant 32 years. Plaintiff had previously been married. The first wife committed suicide in 1937. By that marriage plaintiff has a daughter, who was nine years of age at time of trial.

The defendant is a very nervous individual, due probably to certain physical conditions. Differences between the parties arose about a month after marriage. She complained about plaintiff's relatives and did not want the daughter to associate with them. She said the marriage was a mistake, that she had a better home where she came from, and wanted to go there. She complained that she did not get what other brides get; that she "got everything second-handed—second-handed furniture and second-handed husband and second-handed child." Only a few of her clothes and a small part of the wedding presents were taken to her new home. Plaintiff claims that on occasions defendant struck and slapped him, and she admits hitting and kicking him and pulling his hair. She suggested that both commit suicide. Arguments lasting most of the night were frequent. She took such a dislike to plaintiff's daughter that in December 1941 plaintiff was forced to take her out of school and place her with maternal relatives. During the latter part of the short but unpleasant married life, whenever an argument arose, defendant would accuse plaintiff of being the cause of the suicide of his first wife. As a result of the treatment plaintiff received, his health became affected. He finally sold off

his personal property and rented the farm. The finding of the trial court that defendant was guilty of cruel and inhuman treatment toward plaintiff is well supported by the evidence.

The net permanent alimony awarded defendant is the sum of $333.17. She claims this amount to be inadequate. In view of plaintiff's financial condition, the brevity of the married life, the fact that defendant added nothing to plaintiff's assets, and that a divorce was granted because of defendant's misconduct, the court could very well have denied alimony in any amount. In fixing the amount of alimony there was no abuse of discretion.

Affirmed.

MR. JUSTICE LORING, absent because of accidental injuries, took no part in the consideration or decision of this case.